IN THE UNITED STATED DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEXII BUILDING SOLUTIONS INC., *a Canadian corporation*,<br><br>                    Plaintiff,<br><br>        v.<br><br>NEXUS 1, LLC, *a Delaware limited liability company*; JOHN WOLFINGTON; and DANIEL METZLER,<br><br>                    Defendants. | Case No. |

## COMPLAINT

Plaintiff Nexii Building Solutions Inc. ("Nexii") brings the following Complaint (the "Complaint") against Defendants NexUS 1, LLC ("Hazleton Operator"), John Wolfington ("Wolfington"), and Daniel Metzler ("Metzler"), and respectfully alleges as follows:

## NATURE AND SUMMARY OF THE ACTION

1. Nexii is a green construction technology company that designs and manufactures high-performance green buildings and retrofit products using a state-of-the-art process and proprietary material invented by Nexii. Nexii is a Canadian company based in Vancouver, British Columbia with Nexii certified manufacturing plants located in Canada and the United States.

2. Defendant Hazleton Operator is a Delaware limited liability company formed to establish a Nexii certified manufacturing plant in Hazleton, Pennsylvania (the "Hazleton Facility").

3. Defendants Wolfington and Metzler (jointly, the "Guarantors") indirectly own membership interests in Hazleton Operator through various other entities, and purport to be the individual managers of the Hazleton Facility.

4. This is an action concerning Hazleton Operator's payment defaults under a Promissory Note and Master Lease Agreement, and the Guarantors' defaults under the related Guaranty.

5. As more fully set forth in the prayer for relief, Nexii is seeking damages against Hazleton Operator and the Guarantors (collectively, "Defendants") for all amounts due and owing under the subject agreements, as well as return of the Equipment (as defined below).

## THE PARTIES

6. Plaintiff Nexii is a Canadian company incorporated under the laws of British Columbia with its principal office located in Vancouver, British Columbia, Canada. Nexii's buildings and components are manufactured and sold in Canada and the United States.

7. Hazleton Operator is and at all relevant times was, a Delaware limited liability company organized under the laws of Delaware with its principal office located in King of Prussia, Montgomery County, Pennsylvania.

8. None of the direct and indirect members of the Hazleton Operator are domiciled in Canada.

9. On information and belief, Wolfington is a resident of the Commonwealth of Pennsylvania, Montgomery County.

10. On information and belief, Metzler is a resident of the Commonwealth of Pennsylvania, Montgomery County.

## JURISDICTION AND VENUE

11. There is complete diversity of citizenship between Nexii and Defendants and the amount in dispute, exclusive of interest and costs, exceeds the sum of $75,000. Therefore this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

12. Defendants consented to jurisdiction in this Court and each of them is domiciled in the State of Pennsylvania. Therefore, this Court has personal jurisdiction over all Defendants.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

### The Manufacturing Agreement and Contract Fee

14. On or about October 7, 2020, Nexii and Hazleton Operator entered into that certain Nexii Certified Manufacturing Agreement (the "Original Manufacturing Agreement").

15. On or about September 3, 2021, Nexii and Hazleton Operator agreed to amend and restate the Original Manufacturing Agreement and executed that certain Amended and Restated Nexii Manufacturing Agreement, as amended from time to time (the "Manufacturing Agreement").

16. The Manufacturing Agreement requires Hazleton Operator to pay Nexii a contract fee of $5,000,000 (the "Contract Fee") in exchange for Nexii granting Hazleton Operator the right and license to establish and operate the Hazleton Facility.

17. In December 2020, after executing the Original Manufacturing Agreement, the Hazleton Operator paid $250,000 of the Contract Fee.

18. On March 8, 2022, Nexii and Hazleton Operator executed an amendment to the Manufacturing Agreement (the "Contract Fee Amendment") pursuant to which Hazleton Operator

agreed to pay Nexii the remaining Contract Fee, subject to the terms set forth in the promissory note executed simultaneously therewith.

### The Promissory Note and Security Agreement

19. On March 8, 2022, consistent with the Contract Fee Amendment, Hazleton Operator executed a promissory note for $4,750,000 in favor of Nexii (the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as **Exhibit 1**.

20. The Promissory Note includes the following payment terms: (a) the sum of $2,500,000, plus interest of 12.5%, would be payable in twenty-four (24) monthly payments of $119,500.23 commencing June 1, 2022; and (b) the sum of $2,250,000, plus interest of 6%, would be payable in twenty-four (24) monthly payments of $99,721.37 commencing June 1, 2022. *See* Ex. 1 at p. 1.

21. Upon Hazleton Operator's failure to make any payment due under the Promissory Note, "the entire principal sum and accrued interest shall become at once due and payable at the written option of [Nexii], plus default interest at the rate of 15.5% from the date of such default forward until paid." Ex. 1 at p. 2.

22. The Promissory Note does not provide for notice and opportunity to cure upon an event of default.

23. The Promissory Note includes the following jurisdiction and venue selection provision: "THIS NOTE SHALL BE ENFORCED IN ANY FEDERAL COURT OR PENNSYLVANIA STATE COURT SITTING IN PHILADELPHIA, PENNSYLVANIA; AND THE MAKER CONSENTS TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVES ANY ARGUMENT THAT THE VENUE IN SUCH FORUMS IS NOT CONVENIENT." *See* Ex. 1 at p. 2.

24. Pursuant to the Promissory Note, if Hazleton Operator fails to make payments when due, Hazleton Operator is liable for all Nexii's reasonable costs of collection, including reasonable attorneys' fees. *See* Ex. 1 at p. 3.

25. On March 8, 2022, Nexii and Hazleton Operator executed a Security Agreement securing Hazleton Operator's obligations under the Promissory Note. A true and correct copy of the Security Agreement is attached hereto as **Exhibit 2**.

26. Pursuant to Section 2 of the Security Agreement, Hazleton Operator granted Nexii a security interest in all of Hazleton Operator's rights, title, and interest in and to the following assets: (a) accounts; (b) chattel paper; (c) deposit accounts; (d) documents; (e) equipment; (f) general intangibles; (g) instruments; (f) inventory; (i) investment property; and (k) letter of credit rights (collectively, the "Collateral"). *See* Ex. 2, § 2.

27. On March 8, 2022, Nexii perfected its interest in the Collateral by filing a UCC Financing Statement with the Delaware Secretary of State.

28. Under Section 18 of the Security Agreement, an event of default occurs when, among other things, the Hazleton Operator fails to timely pay its obligations under the Promissory Note. *See* Ex. 2, § 18.

29. The Security Agreement does not provide for notice and opportunity to cure upon an event of default.

**The Master Lease and Guaranty**

30. On March 8, 2022, Nexii and Hazleton Operator entered into that certain Master Lease Agreement (the "Master Lease") pursuant to which Nexii leased certain equipment to Hazleton Operator in exchange for rent payable as follows: (a) a one-time payment on June 1, 2022 in the amount of $212,156.99 (the "One-Time Payment"), and (b) monthly payments

5

beginning June 1, 2022, and continuing for 119 months, initially in the amount of $67,247.99, plus interest (the "Monthly Rent Payments"). A true and correct copy of the Master Lease is attached hereto as **Exhibit 3**.

31. Under Section 11 of the Master Lease, failure to pay rent within ten (10) days of its due date constitutes an event of default. *See* Ex. 3, § 11(a).

32. Under Section 11 of the Master Lease, Hazleton Operator is subject to a 3.0% administrative late charge for any payment paid more than ten (10) days after its due date. *See* Ex. 3, § 11.

33. Nexii is not required to provide notice of an event of default under the Master Lease Agreement.

34. The Master Lease includes the following jurisdiction and venue selection provision: "THE PARTIES CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS OF SUCH STATE SITTING IN PHILADELPHIA, PENNSYLVANIA FOR THE PURPOSES OF ANY SUIT, ACTION, OR OTHER PROCEEDING ARISING THEREFROM AND EXPRESSLY WAIVE ANY OBJECTIONS THAT IT MAY HAVE TO THE VENUE OF SUCH COURTS." *See* Ex. 3, § 16(f).

35. The Master Lease provides that, in the event of Hazleton Operator's default, Nexii is entitled to recover all reasonable costs and expenses incurred exercising its remedies or enforcing its rights under the Master Lease, including all reasonable attorneys' fees. *See* Ex. 3, § 12(a)(v).

36. On March 8, 2022, the Guarantors executed a Guaranty (the "Lease Guaranty") in favor of Nexii, personally guaranteeing Hazleton Operator's performance under the Master Lease

up to the sum of $400,000 plus interest and the costs of collection. A true and correct copy of the Lease Guaranty is attached hereto as **Exhibit 4**.

37. The Lease Guaranty includes the following jurisdiction and venue selection provision: "THIS GUARANTY SHALL BE ENFORCED IN ANY FEDERAL COURT OR PENNSYLVANIA STATE COURT SITTING IN PHILADELPHIA, PENNSYLVANIA; AND EACH GUARANTOR CONSENTS TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVES ANY ARGUMENT THAT THE VENUE IN SUCH FORUMS IS NOT CONVENIENT." *See* Ex. 4, § 21.

38. Pursuant to the Guaranty, the Guarantors are liable for all Nexii's out-of-pocket expenses, including all reasonable fees and expenses of counsel. *See* Ex. 4, § 14.

## **Defendants' Defaults Under the Agreements**

39. As of the date of this Complaint, Hazleton Operator has not made any payments under the Promissory Note.

40. As of the date of this Complaint, Hazleton Operator has not paid the One-Time Payment due under the Master Lease.

41. As of the date of this Complaint, Hazleton Operator has not paid any of the Monthly Rent Payments due under the Master Lease.

42. As of the date of this Complaint, the Guarantors have not made any payments under the Guaranty.

43. Section 15 of the Master Lease defines the Hazleton Operator's "Obligations" to include, among other things, all obligations under the Laster Lease, any related agreement, and the Manufacturing Agreement, together with all other obligations, indebtedness and liabilities of the Hazleton Operator to Nexii under any other financings, leases, loans, notes, and other agreements.

44. Section 3(iii) of the Master Lease provides that the Hazleton Operator's Obligations "shall not be subject to any abatement, deferment, reduction, set-off, counterclaim, recoupment or defense for any reason whatsoever."

45. On December 28, 2022, Nexii sent a notice to Defendants advising that, by failing to timely make payments due under the Promissory Note, Hazleton Operator was in default thereunder and the entire principal sum and accrued interest was immediately due and owing and subject to default interest at the rate of 15.5% (the "Note Default Notice"). A true and correct copy of the Note Default Notice is attached hereto as **Exhibit 5**.

46. On December 28, 2022, Nexii sent a notice to Defendants advising that, by failing to make the payments due under the Master Lease in all of June, July, August, September, October, November, and December 2022, Hazleton Operator was in default under the Master Lease. (the "Lease Default Notice."). A true and correct copy of the Lease Default Notice is attached hereto as **Exhibit 6**.

47. In the Lease Default Notice, pursuant to Section 12(a)(i) of the Master Lease, Nexii demanded that Hazleton Operator promptly discontinue us of and disable all the equipment listed in Schedule A attached to the Master Lease (the "Equipment").

48. Nexii further advised Defendants that Nexii intended to repossess and remove the Equipment as provided under Section 12(a)(iii) of the Master Lease.

49. On January 11, 2023, Nexii sent a notice to Defendants advising the Guarantors of Hazleton Operator's defaults under the Master Lease and demanding that the Guarantors pay Nexii $400,000 plus interest, as well as, Nexii's reasonable costs of collection (the "Guaranty Notice"). A true and correct copy of the Guaranty Notice is attached hereto as **Exhibit 7**.

8

## COUNT I

### (Against Hazleton Operator)

### Breach of Promissory Note

50. Nexii incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

51. The Promissory Note is a valid and enforceable contract between Nexii and Hazleton Operator.

52. Nexii fulfilled its obligations under the Promissory Note.

53. Pursuant to the Promissory Note, Hazleton Operator was required to make monthly payments to Nexii beginning June 1, 2022 and continuing through May 1, 2024.

54. Hazleton Operator has defaulted under the Promissory Note by failing to pay any of the monthly payments due and owing thereunder.

55. In accordance with Section 3(iii) of the Master Lease, Hazleton Operator is prohibited from setting off any amounts allegedly due by Nexii to the Hazleton Operator against any Obligations, including the amounts due under the Promissory Note.

56. As a result of Hazleton Operator's payment defaults, Nexii validly accelerated the debt such that the entire balance owed under the Promissory Note is immediately due and payable, and subject to default interest at the rate of 15.5%.

57. As a direct and proximate result of Hazleton Operator's defaults under the Promissory Note, Nexii has been damaged and Hazleton Operator is liable to Nexii in an amount to be determined at trial, but in no event less than $4,750,000 plus all accrued and accruing interest, fees and other expenses.

58. Pursuant to the Promissory Note, Hazleton Operator is also liable for all Nexii's reasonable attorneys' fees and costs incurred in connection with enforcing the Promissory Note.

## COUNT II

### (Against Hazleton Operator)

### Breach of Master Lease

59. Nexii incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

60. The Master Lease is a valid and enforceable contract between Nexii and the Hazleton Operator.

61. Nexii fulfilled its obligations under the Master Lease.

62. Pursuant to the Master Lease, Hazleton Operator was required to pay the One-Time Payment on or before June 1, 2022, and was further required to make the Monthly Rent Payments each month beginning on June 1, 2022.

63. Hazleton Operator defaulted under the Master Lease by failing to pay the One-Time Payment.

64. Hazleton Operator further defaulted under the Master Lease by failing to pay any of the Monthly Rent Payments from and after June 1, 2022.

65. In accordance with Section 3(iii) of the Master Lease, Hazleton Operator is prohibited from setting off any amounts allegedly due by Nexii to the Hazleton Operator against any Obligations, including the amounts due under the Master Lease.

66. As a direct and proximate result of Hazleton Operator's defaults under the Master Lease, Nexii has been damaged and Hazleton Operator is liable to Nexii in an amount to be

determined at trial, but in no event less than $750,143.88 plus all accrued and accruing interest, administrative fees, and all other expenses and amounts due under the Master Lease.

67. Pursuant to Section 12(a)(v) of the Master Lease, Hazleton Operator is also liable for all Nexii's reasonable attorneys' fees and costs incurred in connection with enforcing the Master Lease.

## COUNT III

### (Against Hazleton Operator)

### Replevin

68. Nexii incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

69. The Master Lease is a valid and enforceable contract between Nexii and the Hazleton Operator.

70. Nexii is the rightful owner of the Equipment subject of the Master Lease and has an immediate right of possession in light of the Hazleton Operator's defaults under the Master Lease.

71. As a result of Hazleton Operator's default under the Master Lease, Nexii exercised its right to demand that the Hazleton Operator discontinue use of and disable all of the Equipment in accordance with Section 12(a)(i) of the Master Lease and permit Nexii to access the Hazleton Facility and remove the Equipment at such time as Nexii determines appropriate in accordance with Section 12(a)(iii) of the Master Lease.

72. The Hazleton Operator has refused to allow Nexii to repossess the Equipment and has continued the to utilize the Equipment.

73. Nexii requests entry of a judgment directing the Hazleton Operator to return possession of the Equipment and awarding damages to Nexii in an amount to be determined at trial, plus all accrued and accruing interest, administrative fees, and all other expenses and amounts due under the Master Lease.

74. Pursuant to Section 12(a)(v) of the Master Lease, Hazleton Operator is also liable for all Nexii's reasonable attorneys' fees and costs incurred in connection with enforcing the Master Lease

## COUNT IV

### (Against Guarantors)

### Breach of the Lease Guaranty

75. Nexii incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

76. The Lease Guaranty is a valid and enforceable contract between Nexii and the Guarantors.

77. Pursuant to the Lease Guaranty, the Guarantors jointly and severally, absolutely and unconditionally guaranteed all payments and performance owed by Hazleton Operator to Nexii under the Master Lease up to the sum of $400,000.

78. Hazleton Operator has defaulted on its obligations under the Master Lease and the Guarantors are liable to Nexii for all amounts due and owing under the Master Lease up to the sum of $400,000 plus interest, fees, and collection costs.

79. The Guarantors have breached the Lease Guaranty by failing to pay any of the sums due and owing to Nexii under the Master Lease.

Case 2:23-cv-00398-MMB   Document 1   Filed 01/31/23   Page 13 of 16

80. As an actual and proximate result of the Guarantors' breaches of the Lease Guaranty, Nexii has been damaged and the Guarantors are liable to Nexii in an amount to be determined at trial, but in no event less than $400,000 plus all accrued and accruing interest, fees, and other collection costs.

81. Pursuant to Section 14 of the Lease Guaranty, the Guarantors are also liable for all Nexii's reasonable attorneys' fees and costs incurred in connection with enforcing the Lease Guaranty.

## COUNT V

### (Against Hazleton Operator)

### Judicial Foreclosure

82. Nexii incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

83. Hazleton Operator has failed to make payments in accordance with the Promissory Note and has defaulted thereunder.

84. Hazleton Operator has failed to make payment in accordance with the Master Lease and has defaulted thereunder.

85. Hazleton Operator's defaults under the Promissory Note and Master Lease constitute Events of Default under the Security Agreement.

86. Hazleton Operator's obligations under the Promissory Note are secured by the Collateral pursuant to the Security Agreement.

87. Hazleton Operator's interest in the Collateral was properly perfected through filing of a Uniform Commercial Code ("UCC") financing statement with the Secretary of State of the State of Delaware on March 8, 2022.

13

88. As a result of Hazleton Operator's default under the Promissory Note, Nexii is authorized to take possession of the Collateral pursuant to the Security Agreement and 13 PA. CONS. STAT. § 9601, with the proceeds thereof to be applied against the balance owed to Nexii.

89. Nexii is entitled to foreclose upon the Collateral.

90. Accordingly, Nexii is entitled to a judgment against Hazleton Operator:

    a. awarding it immediate possession of the Collateral, superior to all right, title, or interest of Hazleton Operator, and any other parties claiming an interest under Hazleton Operator;

    b. directing Hazleton Operator to provide Nexii an itemization and location of the Collateral, and to surrender the Collateral to Nexii;

    c. decreeing that the Collateral be foreclosed judicially;

    d. decreeing that the Collateral, or so much thereof as may be necessary, be sold as is provided by law to satisfy the amounts found due to Nexii, together with costs, fees, and accruing interest; and

    e. decreeing that, in the event that there is a deficiency after applying the proceeds of the judicial foreclosure sale described herein, Nexii be granted a judgment for any such deficiency against Hazleton Operator.

*[remainder of page intentionally left blank]*

## PRAYER FOR RELIEF

WHEREFORE, Nexii prays for an Order:

(a)  granting judgment against Defendants;

(b)  directing the Defendants to permit Nexii to enter the Hazleton Facility and remove the Equipment;

(c)  awarding damages against Defendants in an amount to be determined at trial;

(d)  entering judgment against Hazleton Operator:

1. awarding it immediate possession of the Collateral, superior to all right, title, or interest of Hazleton Operator, and any other parties claiming an interest under Hazleton Operator;

2. directing Hazleton Operator to provide Nexii an itemization and location of the Collateral, and to surrender the Collateral to Nexii;

3. decreeing that the Collateral be foreclosed judicially;

4. decreeing that the Collateral, or so much thereof as may be necessary, be sold as is provided by law to satisfy the amounts found due to Nexii, together with costs, fees, and accruing interest; and

5. decreeing that, in the event that there is a deficiency after applying the proceeds of the judicial foreclosure sale described herein, Nexii be granted a judgment for any such deficiency against Hazleton Operator;

(e)  awarding to Nexii the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

  (f)  granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 31, 2023 | DORSEY & WHITNEY (DELAWARE) LLP |
| | |
| | */s/ Eric Lopez Schnabel* |
| | Eric Lopez Schnabel (PA Bar No. 84921) |
| | 300 Delaware Avenue, Suite 1010 |
| | Wilmington, DE 19801 |
| | (302) 425-7171 |
| | schnabel.eric@dorsey.com |
| | |
| | **Attorneys for Nexii Building Solutions Inc.** |

OF COUNSEL:

DORSEY & WHITNEY LLP
Daniel Goldberger
(to be admitted *pro hac vice*)
Rachel P. Stoian
(to be admitted *pro hac vice*)
51 West 52nd Street
New York, NY 10019
goldberger.dan@dorsey.com
stoian.rachel@dorsey.com

*and*

DORSEY & WHITNEY LLP
Christopher DeLong
(to be admitted *pro hac vice*)
50 Sixth South Street, Suite 1500
Minneapolis, MN 55402
delong.christopher@dorsey.com