# EXHIBIT "6"

# N E X I I

December 28, 2022

Daniel Metzler and John Wolfington
NexUS 1, LLC
700 South Henderson Road, Suite 202
King of Prussia, PA 19406

Re:   Master Lease Agreement dated as of March 8, 2022 (the "Lease"),[1] by NexUS 1, LLC ("Hazleton Operator"), as lessee, and Nexii Building Solutions Inc. ("Nexii"), as lessor, with respect to the equipment listed on Schedule A to the Lease (the "Equipment")

Dear John and Dan:

Notwithstanding the absence of any requirement that Nexii provide Hazleton Operator with written notice under the Lease, this letter constitutes formal written notice to Hazleton Operator pursuant to the Lease of the following Events of Default under the Lease (collectively, the "Defaults"):

(a)   On June 1, 2022, Hazleton Operator failed to pay Nexii the One-Time Payment of $212,156.99 required under Section 2(a) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

(b)   On June 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

(c)   On July 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

(d)   On August 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Lease.

DocuSign Envelope ID: C181B2ED-4655-49E9-B97F-679B0F6D4306

(e)     On September 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

(f)     On October 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease;

(g)     On November 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease; and

(h)     On December 1, 2022, Hazleton Operator failure to pay Nexii the Monthly Rent Amount required under Section 2(b) of the Lease, and failed to pay such amount within 10 days thereof, which constitutes an Event of Default under Section 11(a) of the Lease.

The foregoing unpaid amounts shall accrue interest at the default rate pursuant to Section 12 of the Lease, and shall continue to accrue such interest until paid in full. Nexii shall be entitled to recover all direct, incidental, consequential, and other damages arising from the Hazleton Operator's breach of the Lease, as well as all costs and expenses incurred by Nexii in exercising its remedies under the Lease.

Nexii provides further notice that the Hazleton Operator shall promptly discontinue use of and disable all of the Equipment in accordance with Section 12(a)(i) of the Lease. This letter shall serve as further notice of Nexii's intention to repossess and remove the Equipment at such as time Nexii determines appropriate in accordance with Section 12(a)(iii) of the Lease. The Hazleton Operator shall cooperate with Nexii in the exercise of these and any other remedies available to it under the Lease.

Nexii hereby reserves all other rights, powers, and remedies available to it under the Lease under applicable law arising due to Hazleton Operator's default under the Lease. Nexii may exercise such rights, powers, and remedies without further notice. Any forbearance by Nexii is, and will continue to be, discretionary. Any forbearance by Nexii will not constitute a waiver of any defaults or any other terms, conditions, representations, or covenants applicable to Hazleton Operator under the Lease. Any forbearance by Nexii in requiring strict performance under the Lease will not be deemed to be a course of action with respect thereto upon which Hazleton Operator may rely in the future.

Thank you.

Sincerely,

DocuSigned by:

*Stephen Sidwell*

00490A2F6BE1429...

Stephen Sidwell

4883-7491-9750\2