# EXHIBIT "7"

# N E X I I

———

January 11, 2023

Daniel Metzler and John Wolfington
NexUS 1, LLC
700 South Henderson Road, Suite 202
King of Prussia, PA 19406

> Re:   Guaranty dated as of March 8, 2022,[1] by John Wolfington and Daniel Metzler
> (collectively, the "Guarantors") in consideration of the Master Lease Agreement
> dated as of March 8, 2022 (the "Lease"), by NexUS 1, LLC ("Hazleton Operator"),
> as lessee, and Nexii Building Solutions Inc. ("Nexii"), as lessor, with respect to the
> equipment listed on Schedule A to the Lease

Dear John and Dan:

Notice is hereby given by Nexii to the Guarantors that Events of Default have occurred and are continuing under Section 11(a) of the Lease as a result of the Hazleton Operator's failure to pay Nexii the One-Time Payment and the Monthly Rent Amounts in accordance with Sections 2(a) and 2(b) of the Lease.

As a result of the Events of Default described above, the unpaid amounts, plus default interest and all direct, incidental, consequential, and other damages arising from the Hazleton Operator's breach of the Lease, as well as all costs and expenses incurred by Nexii in exercising its remedies under the Lease, are now due and payable. Nexii has made written demand on Hazleton Operator to pay the foregoing amounts, but the Hazleton Operator has failed to pay. The aggregate total of the amounts due as a result of the Hazleton Operator's default exceed $400,000.

Accordingly, Nexii hereby demands that the Guarantors pay Nexii in immediately available funds in the amount of $400,000, plus (i) interest at the default rate applicable under the Lease from the date hereof, and (ii) Nexii's reasonable costs of collection, both in accordance with Sections 2 and 3 of the Guaranty.

Nothing contained in this letter or any delay by Nexii in exercising any rights, powers, privileges and remedies under the Guaranty, the Lease or any other agreement between Nexii and the Hazleton Operator, or applicable law with respect to the Event of Default referenced above or any other Default or Events of Default now existing or hereafter arising under the Guaranty, the Lease or any other agreement between Nexii and the Hazleton Operator shall be construed as a waiver or modification of such rights, powers, privileges and remedies. This letter is not, and shall not be deemed to be, a waiver of, or a consent to, any default, noncompliance, Default, Event of

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Guaranty and the Lease.

Default (including, without limitation, the Event of Default described above) now existing or hereafter arising under the Guaranty, the Lease or any other agreement between Nexii and the Hazleton Operator. This letter shall not entitle Hazleton Operator or Guarantors to any other or further notice or demand.

Nexii reserves all of its rights, privileges, powers, and remedies available to it under applicable law, the Guaranty, the Lease and any other agreement between Nexii and the Hazleton Operator, and any other contract or instrument executed by the Hazleton Operator, the Guarantors or any other person for the benefit of Nexii. Any forbearance by Nexii is, and will continue to be, discretionary. Any forbearance by Nexii shall not (a) constitute a waiver of any Events of Default or of any other term, condition, representation, or covenant applicable to a Guarantor or Hazleton Operator under the Guaranty, the Lease or any other agreement between Nexii and the Hazleton Operator or (b) be deemed a course of action with respect thereto upon which a Guarantor or Hazleton Operator may rely in the future

Thank you.

Sincerely,


Stephen Sidwell